MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

BRIAN C. LEWIS (DCBN 476851)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile:  (510) 637-3724
    E-Mail: brian.lewis@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-0348 MHP |
| Plaintiff, | |
| v. | STIPULATIONS FOR BENCH TRIAL |
| CARLOS ASPRILLA, | |
| Defendant. | |

    The parties hereby submit the following stipulations for trial by the Court, pursuant to Federal Rule of Criminal Procedure 23.

I.    **INTRODUCTION**

    This trial concerns the alleged unlawful possession of a .45 caliber Glock semi-automatic pistol by defendant Carlos Asprilla. On April 29, 2010, the Grand Jury returned an Indictment charging the defendant with a single count of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). The defendant filed a motion to suppress evidence seized on November 24, 2009 as a result of a police search of the defendant and the residence at 1217 Ingalls Street in San Francisco. After holding an evidentiary hearing and hearing argument from the parties, the Court denied the defendant's motion.

STIPULATIONS FOR BENCH TRIAL
No. CR 10-0348 MHP

The parties now agree to a bench trial with stipulations as detailed below. The parties enter these stipulations with the express understanding that the defendant objects to the introduction of any evidence obtained as a result of the aforementioned search and the fruits of that search, on the basis that they were seized in violation of the Fourth Amendment. The government and the defendant agree that by entering into these stipulations the defendant is not rendering moot his right to appeal the denial of his motion to suppress. *United States v. Larson*, 302 F.3d 1016, 1020 (9th Cir. 2002) (stating that appeal after a bench trial by stipulated facts not moot if the stipulations merely describe evidence the government intended to introduce at trial). The defendant does not waive his objection to the introduction of that evidence by entering into the following stipulations.

## II.    STIPULATIONS FOR TRIAL

1.  The defendant, Carlos Asprilla, waives his right to a jury trial, and the government consents to have the Court conduct the trial in this case.

2.  But for these stipulations, at least the following people would have been called to testify at trial: San Francisco Police Sergeant Daniel Manning and Officer Ramon Reynoso.

3.  For purposes of this bench trial the parties agree that the Court can rely on the testimony and evidence introduced at the motion to suppress hearing, in addition to ~~the below~~ c+d below stipulation[s], in order to make a determination of guilt in this case. This evidence includes but is not limited to the following:

   a. Sergeant Manning's testimony on February 16 and 17 at the evidentiary hearing on the defendant's motion to suppress. That testimony includes the fact that on November 24, 2009 inside the residence at 1217 Ingalls Street in San Francisco, San Francisco Police Officers found a .45 caliber Glock semi-automatic pistol in the waistband of the defendant, Carlos Asprilla.

   b. Officer Reynoso's testimony on February 17 at the evidentiary hearing on the defendant's motion to suppress. That testimony includes the fact that on November 24, 2009 inside the residence at 1217 Ingalls Street in San Francisco, San Francisco Police Officers found a .45 caliber Glock semi-automatic pistol in the waistband of the

STIPULATIONS FOR BENCH TRIAL
No. CR 10-0348 MHP

defendant, Carlos Asprilla.

   c. The .45 caliber semi-automatic pistol found in the defendant's waistband on November 24, 2009, is a firearm that traveled from one state to another or into the United States from another country.

   d. On November 24, 2009, the defendant, Carlos Asprilla, had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.[1]

  4. Any and all exhibits introduced by the parties at the evidentiary hearing held on February 16, 17, and 18, 2011, are deemed admitted into evidence for the purposes of this trial, subject to the objection noted above.

  5. The defendant waives his right to testify and to call any witnesses on his own behalf, and he submits the matter for decision by the Court on the basis of the above stipulations.

SO STIPULATED.

MELINDA HAAG
United States Attorney

DATED: 3/22/11

BRIAN C. LEWIS
Assistant United States Attorney

DATED: 03-22-11

CARLOS ASPRILLA
Defendant

DATED: 3/22/11

DEBORAH G. LEVINE
Attorney for Carlos Asprilla

---

[1] By stipulating that the defendant was convicted of a felony punishable by imprisonment for a term exceeding one year the defendant is not waiving his previous objection to the court's consideration of the order of probation from the defendant's felony conviction. This document, obtained by the court after the hearing concluded and the court had denied the motion to suppress, was considered by the court over the objection of the defendant.

STIPULATIONS FOR BENCH TRIAL
No. CR 10-0348 MHP